UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OMEGA IND. INC. PENSION PLAN AND TRUST; PARVIZ LAVI, | |
| Plaintiff, | 22-CV-7501 (LTS) |
| -against- | ORDER TO AMEND |
| DWS; DEUTSCHE BANK, | |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Parviz Lavi is proceeding *pro se*. By order dated September 16, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint, which names as plaintiffs Parviz Lavi and "Omega Ind. Inc. Pension Plan and Trust" (Omega), and names as defendants Deutsche Bank and DWS, a "unit" of Deutsche Bank. (ECF 2 at 1.) On June 2, 1977, DWS "deposited a substantial amount of money" into Plaintiff's "pe[n]sion plan and trust" account. (ECF 2 at 1.) Plaintiff "does not remember the amount of the deposit, but it "should be about $150,000, because in 1977, [his] salary was $300,000." (*Id.* at 2.) Attached to the complaint is a 2021 DWS statement showing a balance of approximately $2,500. (*Id.* at 3.)

In a February 9, 2022 email, DWS advised Plaintiff that according to its records, he did not have the account in 1977, and that "representa[t]ive[s]" of Plaintiff's account, named "Geller" and "Vantis," executed three "redemptions" on the account: the first for $81,765.90 on May 15, 1985; the second for $39,269.31 on July 26, 1989; and the third for $70.143.56 on

August 28, 1989. (*Id.* at 2, 8-9.) The email further states that the representatives "would have been appointed by" Omega, were "not affiliated with DWS," and would have been affiliated with Wachovia Securities, "which was acquired by Wells Fargo." (*Id.*) The email further stated that DWS had contacted the bank on which the $39,269.31 check had been drawn, but the bank was "unable to provide a copy given the age of the check." (*Id.* at 8.)

Plaintiff Lavi resides in Suffolk County, New York, and he provides a Manhattan address for Deutsche Bank and a Missouri address for DWS. (*Id.* at 1.) Plaintiff does not provide a basis for the Court's jurisdiction, and he does not assert any specific claims or specify the relief he seeks.

## DISCUSSION

**A.        Claims on behalf of Omega Ind. Inc. Pension Plan**

Plaintiff purports to bring this complaint on his own behalf and on behalf of Omega. As a *pro se* litigant, however, Plaintiff cannot act on behalf of another. *See U.S. ex rel. Mergent Servs. v. Flaherty,* 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." (internal quotation marks and citation omitted)); *Iannaccone v. Law,* 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause."). It is well established that a *pro se* plaintiff cannot represent a corporation, even if he is the sole member or shareholder of that corporation. *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) ("[W]e hold that a sole member limited liability company must be represented by counsel to appear in federal court."). Omega Ind. Inc. Pension Plan is therefore dismissed as a party from the action without prejudice.

**B.**     **Subject matter jurisdiction**

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

1.     Federal question jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff does not assert any federal claims, and a review of the facts set forth in the complaint do not implicate a federal cause of action. It thus appears that the Court does not have federal question jurisdiction of this matter.

2. Diversity jurisdiction

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction of this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

A corporation is a citizen of both the state where it has its principal place of business and the state where it is incorporated, *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010), and a limited liability company or limited partnership takes the citizenship of each of its members, *Bayerische Landesbank v. Aladdin Capital Mgmt., LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (holding that a limited liability company " takes the citizenship of each of its members" for diversity purposes); *see also Handelsman v. Bedford Vill. Associates Ltd. P' ship*, 213 F.3d 48, 52 (2d Cir. 2000) (holding that a limited partnership has the citizenship of each of its members).

Plaintiff does not assert any specific state law claims, and he does not allege that his claim satisfies the statutory jurisdictional amount. Moreover, the complaint does not indicate whether Defendants are national banks, LLCs, or corporations, and it does not contain any factual detail concerning membership or place of incorporation that would enable the Court to determine the citizenship of the entities named as Defendants. The complaint therefore does not establish that diversity jurisdiction exists.

3.     Timeliness

Even if the Court has diversity jurisdiction of this matter, Plaintiff's claims may be time-barred. Plaintiff does not assert specific state law claims, but his allegations could be construed to assert a claim of conversion. Conversion claims have a three-year statute of limitations in New York. *See* N.Y. C.P.L.R. § 214(3). The statute of limitations begins to run "from the date the conversion takes place and not from the discovery or the exercise of diligence to discover." *Marvel Worldwide, Inc. v. Kirby,* 756 F. Supp. 2d 461, 469 (S.D.N.Y. 2010) (citing *Meese v. Miller*, 436 N.Y.S.2d 496, 500 (1981)).[1] Plaintiff's allegations could also arguably give rise to other state law claims, such as fraud, which carry a six-year statute of limitations. *See, e.g., Horan v. Vieira*, 2021 WL 1200220, at *5 (E.D.N.Y. Mar. 12, 2021) (holding that "where an allegation of fraud is essential to a breach of fiduciary duty claim, courts have applied a six-year statute of limitations.") (quoting *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132, 139 (2009)).

Plaintiff's complaint, which was filed on August 31, 2022, and arises from events occurring in 1985 and 1989, appears to be untimely under either limitations period. Should Plaintiff file an amended complaint showing that the Court has subject matter jurisdiction of this matter, he should also address the apparent untimeliness of his filing and whether equitable tolling applies. *See Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds); *see also Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007) (concluding that district court should grant notice and opportunity to be heard before dismissing complaint *sua sponte* on statute of limitations grounds); *Pearl v. City of Long Beach*, 296 F.3d 76, 82-83 (2d Cir. 2002) (holding that the statute of limitations may be equitably tolled when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action or when the plaintiff is induced by the defendant to forego a lawsuit until the

statute of limitations has expired); *Smith v. McGinnis,* 208 F.3d 13, 18 (2d Cir. 2000) ("Equitable tolling applies only in the 'rare and exceptional circumstance[ ].'") (alteration in original) (quoting *Turner v. Johnson,* 177 F.3d 390, 391-92 (5th Cir. 1999)).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In light of Plaintiff's *pro se* status, the Court grants Plaintiff 60 days' leave to amend his complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-7501 (LTS). Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to

7

excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   October 7, 2022
         New York, New York

                                             /s/ Laura Taylor Swain
                                         _____
                                              LAURA TAYLOR SWAIN
                                         Chief United States District Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-


_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____

(Include case number if one has been
assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

## A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B. If you checked Diversity of Citizenship

### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                     (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
_____
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

| First Name | Middle Initial | Last Name |
|---|---|---|

Street Address

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

**B. Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:
_____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                          State              Zip Code

Defendant 2:
_____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                          State              Zip Code

Defendant 3:
_____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                          State              Zip Code

Defendant 4: _____

                     First Name                  Last Name

                     _____

                     Current Job Title (or other identifying information)

                     _____

                     Current Work Address (or other address where defendant may be served)

                     _____

                     County, City              State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 5

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.